**451·15**

NO. _____

ORIGINAL

IN THE COURT OF CRIMINAL APPEALS

AT AUSTIN

\*     \*     \*     \*     \*     \*     \*

MICHAEL GOWAN
Petitioner,

vs.

THE STATE OF TEXAS
Respondant.

RECEIVED IN
COURT OF CRIMINAL APPEALS

APR 22 2015

Abel Acosta, Clerk

\*     \*     \*     \*     \*     \*     \*

Petition from Cause Number 02-14-00347-CR
from the Second Court of Appeals
Appeal from Cause Number 30,832-C from the
89th District Court of Wichita County

\*     \*     \*     \*     \*     \*     \*

PETITION FOR DISCRETIONARY REVIEW

\*     \*     \*     \*     \*     \*     \*

FILED IN
COURT OF CRIMINAL APPEALS

APR 22 2015

Abel Acosta, Clerk

Michael Gowan
Pro se
TDCJ No. 701757
Robertson Unit
12071 FM 3522
Abilene, Texas 79601

TABLE OF CONTENTS

Index of Authorities..........................................iii

Parties.......................................................iv

Statement Regarding Oral Argument.............................iv

Address to the Court...........................................1

Statement of the Case..........................................1

PROCEDURAL HISTORY.............................................2

Issue Presented................................................2

Whether a convicted person may appeal an order granting DNA testing where the trial court fails to authenticate biological material in accord with Article 64.03 prerequisites, and where the State is concealing chain of custody records in violation of TEX. PEN. CODE 37.09?

Argument.......................................................2

Conclusion.....................................................7

Prayer.........................................................8

Certificate of service.........................................8

Appendix.......................................................9

    (a) April 6, 2015, letter to Debra Spisak
    (b) April 9, 2015, response from Debra Spisak
    (c) Copy of March 19, 2015, opinion (double-sided)

# INDEX OF AUTHORITIES

CASES

Cook v. State, 2014 Tex. App. LEXIS 2347 (Tex. App.--Tyler 2014)..............6

Ex parte Padilla, 2010 WL 5019166 (Tex. App.--Austin 2010, pet. ref'd).......6

Wolfe v. State, 120 S.W.3d 368 (Tex. Crim. App. 2003)........................5

Wilson v. State, 311 S.W.3d 452 (Tex. Crim. App. 2010)......................5

Whitfield v. State, 430 S.W.3d 405 (Tex. Crim. App. 2014)..............5, 6, 7


STATUTORY PROVISIONS

TEX. CODE. CRIM. PRO. ART. 64.03..........................................passim

TEX. PEN. CODE §37.09(a)(1)...............................................2, 7

TEX. R. APP. PRO. 25.02(a)(2)................................................7

TEX. R. APP. PRO. 68.........................................................1

PARTIES

Honorable Mark Price
89th District Court Judge
900 7th Street, Room 300
Wichita Falls, Texas 76301


Maureen Shelton
District Attorney
Wichita County Courthouse
900 7th Street
Wichita Falls, Texas 76301


Michael Gowan
TDCJ No. 701757
Robertson Unit
12071 FM 3522
Abilene, Texas 79601


STATEMENT REGARDING ORAL ARGUMENT

Oral argument is requested. Chapter 64 has proven too ambiguous. This case presents a serious flaw in Chapter 64, allowing the State an arbitrary avenue to conceal chain of custody records. An oral argument concerning extra-textual factors would clearly be helpful to the Court.

NO. _____

IN THE COURT OF CRIMINAL APPEALS

AT AUSTIN

\*          \*          \*          \*          \*

MICHAEL GOWAN
Petitioner,

vs.

THE STATE OF TEXAS
Respondant.

\*          \*          \*          \*          \*

Petition from Cause Number 02-14-00347-CR
from the Second Court of Appeals
Appeal from Cause Number 30,832-C from the
89th District Court of Wichita County

\*          \*          \*          \*          \*

PETITION FOR DISCRETIONARY REVIEW

\*          \*          \*          \*          \*

TO THE HONORABLE JUSTICES OF THE COURT OF CRIMINAL APPEALS:

COMES NOW Michael Gowan, pro se, and submits this petition for discretionary review pursuant to TEX. R. APP. PRO. 68 in support of his request for enforcement of Article 64.03, TEX. CODE CRIM PRO. In support, he shows:

STATEMENT OF THE CASE

This is an appeal from and Article 64.03 order granting DNA testing of biological material upon Gowan's motion. After initially contesting Gowan's motion, the State advised the trial court it would not contest. The State did not fulfill Article 64.02 duties. Gowan repeatedly objected and request authentification of the biological material. The trial court granted testing without authenticating the material to be tested. Gowan appealed.

-1-

The trial court issued a certification that Gowan could not appeal the order granting DNA testing. The Court of Appeals held that the legislature has not created a statutory provision authorizing convicted persons to appeal Chapter 64 orders that do not terminate the proceedings. The Court of Appeals dismissed for want of jurisdiction.

## PROCEDURAL HISTORY

The Court issued its opinion on March 19, 2015. No motion for rehearing was filed.

## ISSUE PRESENTED

Whether a convicted person may appeal an order granting DNA testing where the trial court fails to authenticate biological material in accord with Article 64.03 prerequisites, and where the State is concealing chain of custody records in violation of TEX. PEN. CODE 37.09?

## ARGUMENT

### Underlying Law

A convicting court may order forensic DNA testing under this Chapter only if:

(1) the court finds that:

(A) the evidence:

(i) still exists...; and

(ii) has been subject to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect....

Article 64.03(a)(1)(A)(i)(ii), TEX. CODE CRIM. PRO.

A person commits the offense of tampering with evidence if:

> knowing that an investigation or official proceeding is pending or in progress, he alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding.

TEX. PEN. CODE ANN. 37.09(a)(1).

-2-

## Facts of the Case

On August 16, 2013, Gowan filed his original Chapter 64 DNA motion. Gowan specifically alleges that Wilson young (DPS-Garland) collected the hairs from Complainant's clothing in October 1993. The motion specifically alleges that Wilson Young reported finding exculpatory hairs on said clothing which were never mentioned at trial. The motion details specific facts showing Charles Linch (SWIFS-Dallas) fabricated evidence, demonstrated a cognitive bias, and repeatedly claimed to find inclupatory evidence after others reviewing that evidence found none.

Indeed, all the State's inculpatory evidence was produced by Mr. Linch over 1-year after the offense (October 3, 1993). Gowan's motion specifically shows that Mr. Linch lied to the jury and the defense when he blamed the State for the 1-year delay. Mr. Linch had been involuntarily committed for work-related mental illness in February 1994 and had subsequently quit his job from June through September 1994. Mr. Linch returned in October and began requesting evidence in Gowan's case. The State delivered Complainant's clothing to Mr. Linch on November 3, 1994. On November 11, 1994, Mr. Linch reported finding hairs and fibers on said clothing.

On June 20, 2014, Gowan filed an "Open Letter" to the State, asking how Mr. Linch could find hairs on Complainant's clothing 1-year after Wilson Young had removed those hairs from that clothing. On July 16, 2014, the State filed a Status Report claiming "[t]he Garland evidence referred to by Mr. Gowan had been transported to the Dallas lab" and claimed that "all of the applicable hair evidence referenced in Gowan's motion and amended motion is believed to be at the Dallas lab." (Emphasis added)

Neither Mr. Linch's 1994 report, nor the 2014 SWIFS archive report,

indicate that any evidence was ever transported from the Garland DPS lab to the SWIFS lab in Dallas. After having initially contested Gowan's motions, the State altered its tactic toward concealing Mr. Linch's fabrications of evidence in this case. On July 23, 2014, the State recommended the trial court "assume that the hairs are capable of testing." On July 31, 2014, the State advised the trial court it "has no objection to DNA testing of the hairs in question."

On August 4, 2014, Gowan filed his Objection to State's Third Status Report and Motion for Production of Benchnotes and Chain of Custody Records, seeking to assess the validity of the State's belief that the DPS-Garland hairs had been transported to the SWIFS lab. On August 14, 2014, Gowan filed his Second Objection to State's Improper Investigation and Motion to Compel State to Comply with Article 64.02 Duties, seeking to assess the validity of the State's belief that the DPS-Garland hairs are at the SWIFS lab.

On August 14, 2014, without ruling on any motion or objection filed by Gowan, the trial court GRANTED DNA testing without making any finding required by Article 64.03

On September 12, 2014, Gowan filed his Motion for Trial Court to Rule on Objections and Motions, wherein Gowan requested the trial court note its failure to find Article 64.03 prerequisites. Gowan prayed for reconsideration of the court's order granting DNA testing to hear and rule on his pleadings and to comply with the law. On September 29, 2014, the trial court DENIED all of Gowan's objections and motions.

-4-

## Underlying Precedent

Gowan can find no precedent enforcing Article 64.03 either prior to or following the termination of a Chapter 64 proceeding.

Chapter 64 was enacted in 2001. Article 64.05 of the 2001 act authorized "appeal of a finding under Article 64.03 **or** 64.04." (Emphasis added) Article 64.05 was amended in 2003 to remove reference to an "appeal of a finding under Article 64.03 or 64.04," and replaced it with general language about an "appeal under this chapter." This Court has held the 2003 amendment to be "broading the scope of Chapter 64 to include appeals not previously permitted." See Wolfe v. State, 120 S.W.3d 368, 372 n. 5 (Tex. Crim. App. 2003). The Court subsequently held "that the courts of appeals have been given authority to consider the sufficiency of the evidence as well as other grounds for appeal. See Whitfield v. State, 430 S.W.3d 405, 409 (Tex. Crim. App. 2014).

Finally, the Court has held that "[t]he purpose of section 37.09 is to maintain the honesty, integrity, and reliability of the justice system and prohibiting **anyone**--including members of the government--from... tampering with evidence that may be used in an official investigation or judicial proceeding." See Wilson v. State, 311 S.W.3d 452, 460 (Tex. Crim. App. 2010)(emphasis original).

## The Ruling Here

Without acknowledging Article 64.03 prerequisites for granting DNA testing, or the fact Gowan is appealing a violation of the article's mandatory language, the Court of Appeals dismissed for want of jurisdiction. (Opinion, p. 1) The court held that because an order granting DNA testing

-5-

does not "end the Chapter 64 proceeding", an Article 64.03 order is interlocutory and not appealable. (Opinion, p. 2) The court specifically stated that the legislature has not created a statutory provision authorizing convicted persons to appeal Chapter 64 orders that do not terminate the proceedings. (Opinion, p. 3)

The Court of Appeals relied primarily upon an appeal having nothing to do with mandatory prerequisites. (Opinion, p. 2, citing Ex parte Padilla, 2010 WL 5019166, *2 n. 1 (Tex. App.--Austin 2010, pet. ref'd)(finding it "unclear why Padilla is appealing" an order granting DNA testing, and noting complaint of "defective representation").

## Flaw in Chapter 64 Creates Tampering Tactic

The State has apparantly found a flaw in Chapter 64. Whether via consent to testing (as in Gowan's case) or proposed orders for additional testing, the State is obtaining orders for DNA testing without evidentiary hearings despite questionable chain of custody records. See Cook v. State, 2014 Tex. App. LEXIS 2347 *3 (Tex. App.--Tyler 2014)(also relying on Padilla to find want of jurisdiction). Like Gowan's case, the Cook case also involves questionable SWIFS and DPS chain of custody records. Id.

## Application of Law

The Court has found that the text of Article 64.05 speaks only of appeal procedures, it does not address the substance of what may be appealed. See Whitfield v. State, 430 S.W.3d at 408. The Court has looked beyond the text of Article 64.05 and found the bill analysis said, "[This bill] makes it clear that both the request for a test (based on legal or factual determinations) and the findings by the trial court are appealable." Id.

It is clear that "the primary object to be attained by Chapter 64 is the establishment of a procedure by which a convicted person may obtain DNA testing for the purpose of challenging the validity of his conviction." See Whitfield v. State, 430 S.W.3d at 411 (ALCALA, concurring)(setting forth the prerequisite criteria for convicting courts to consider before ordering DNA testing). It would thus be an absurd result to establish a procedure by which the State may alter, destroy, or conceal authentification records for exculpatory biological material over a convicted persons timely objection. See TEX. PEN. CODE ANN. 37.09(a)(1). This is exactly that the trial court's order in Gowan's case is allowing the State to do.

The 2003 amendment to Chapter 64 was intended to clarify "exactly who had the right to appeal and when." See Whitfield v. State, 430 S.W.3d at 416 (ALCALA, concurring)(quoting Representative Hochberg). It is clear that Gowan is entitled to appeal Article 64.03 orders. What is presently unclear is when he can so appeal. Consequently, despite the legislatures intent "to clarify that the right to appeal would extend to all aspects of orders granting or denying DNA testing", a question still remains as to "when" an Article 64.03 order may be appealed. Id.

## CONCLUSION

A violation of Article 64.03 prerequisites for granting DNA testing naturally requires a pre-test remedy. Consequently, an order granting DNA testing must be immediatly appealable if the primary objective of Chapter 64 is to be met. See TEX. R. APP. PRO. 25.02(a)(2). Gowan contends that the legislature's 2001 use of "64.03 or 64.04" indicates that each provision is mutually exclusive for Rule 25.02(a)(2) purposes. Thus, an order under 64.03 need not terminate the proceeding to be immediately appealable.

-7-

## PRAYER

WHEREFORE, Gowan prays the Court will grant review of the decision below, and reverse and order the trial court to conduct a hearing to determine the existence of, and chain of custody for, the hairs collected by Wilson Young, of which the State believes to have been transported to SWIFS, a belief for which the State has produced no chain of custody records, and a belief that is unsupported by the record.

EXECUTED this 15th day of April, 2015.

Respectfully submitted,

Michael Gowan

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above Petition for Discretionary Review has been served by U.S. mail, postage paid, on Carey Jensen, Assistant District Attorney, Wichita County Courthouse, 900 7th Street, Wichita Falls, Texas 76301-2482, on this 15th day of April, 2015.

Michael Gowan

-8-

April
~~March~~ 6, 2015

Michael Gowan
701757
Robertson Unit
12071 FM 3522
Abilene, TX 79601


Debra Spisak
Clerk, 2nd COA
401 W. Belknap, Ste 9000
Fort Worth, TX 76196-0211


RE: 02-14-00347-CR


Dear Clerk:


Please send me a single-side copy of the March 19, 2015, decision in the above-referenced cause. I will be filing a PDR under TRAP 68.

Pursuant to TRAP 68.4(j), my petition must contain a copy of any opinion of the court of appeals.

I do not have access to your website, nor do I have anyone to purchase a copy, nor do I have funds to purchase a copy.

Thank you for your professionalism and prompt response.

Sincerely,

Michael Gowan


cc: appendix copy should clerk refuse



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS

CHIEF JUSTICE
TERRIE LIVINGSTON

JUSTICES
LEE ANN DAUPHINOT
ANNE GARDNER
SUE WALKER
BILL MEIER
LEE GABRIEL
BONNIE SUDDERTH

TIM CURRY CRIMINAL JUSTICE CENTER
401 W. BELKNAP, SUITE 9000
FORT WORTH, TEXAS 76196-0211

TEL: (817) 884-1900

FAX: (817) 884-1932

www.txcourts.gov/2ndcoa

CLERK
DEBRA SPISAK

CHIEF STAFF ATTORNEY
LISA M. WEST

GENERAL COUNSEL
CLARISSA HODGES

April 09, 2015

Michael Gowan
Robertson Unit
#701757
12071 FM 3522
Abilene, TX 79601

RE:     Court of Appeals Number:   02-14-00347-CR
        Trial Court Case Number:   30,832-C

Style:  Michael Gowen
          v.
        The State of Texas

You may obtain a copy of the opinion from our Court's webpage, **www.txcourts.gov/2ndcoa** at no cost. This court does not provide copies of any documents without prepayment of costs. Below is the cost for preparing the copies you have requested. Our charge is 10 cents per page up to 50 pages and 50 cents per page thereafter, payable in advance by cashier's check or money order. Please send **$0.88** for the copies and postage within thirty (30) days. **Make cashier's check or money order payable to Clerk, Court of Appeals.**
Opinion Issued                                 4 pages

| **Total Pages:** | **4 pages** |
|---|---|
| **Copy Cost:** | **$0.40** |
| **Estimated Postage Cost:** | **$0.48** |
| **TOTAL COSTS:** | **$0.88** |

Respectfully yours,

DEBRA SPISAK, CLERK

*Debra Spisak*

By: Rene Wallace, Deputy Clerk



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00347-CR

Michael Gowan

§ From the 89th District Court

§ of Wichita County (30,832-C)

v.

§ March 19, 2015

§ Per Curiam

The State of Texas

§ (nfp)

## JUDGMENT

This court has considered the record on appeal in this case and holds that the appeal should be dismissed. It is ordered that the appeal is dismissed for want of jurisdiction.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM



# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00347-CR

MICHAEL GOWAN                                                            APPELLANT

V.

THE STATE OF TEXAS                                                           STATE

----------

FROM THE 89TH DISTRICT COURT OF WICHITA COUNTY
TRIAL COURT NO. 30,832-C

----------

## MEMORANDUM OPINION[1]

----------

Michael Gowan attempts to appeal the trial court's order granting post-conviction DNA testing under Chapter 64 of the Texas Code of Criminal Procedure. We dismiss for want of jurisdiction.

Chapter 64 of the Texas Code of Criminal Procedure provides the framework within which a convicted person may request forensic DNA testing of

----

[1]See Tex. R. App. P. 47.4.

evidence. *See generally* Tex. Code Crim. Proc. Ann. arts. 64.01–.04 (West Supp. 2014), 64.05 (West 2006). Article 64.05 provides that an appeal under Chapter 64 "is to a court of appeals in the same manner as an appeal of any other criminal matter." Tex. Code Crim. Proc. Ann. art. 64.05. By its plain language, the statute directs that all appeals follow the usual procedures designated for appeals to the courts of appeals. *Swearingen v. State,* 189 S.W.3d 779, 780–81 (Tex. Crim. App. 2006). Thus, an appeal under Chapter 64 must also satisfy the requirements found in the Texas Rules of Appellate Procedure. *See id.* at 781.

Texas Rule of Appellate Procedure 25.2(a)(2) provides that a defendant has the right to appeal as provided by article 44.02 of the code of criminal procedure. *See* Tex. R. App. P. 25.2(a)(2). The Rule further provides that when a defendant appeals, the trial court must enter a certification of the defendant's right of appeal "each time it enters a judgment of guilt or other appealable order." *See id.* An order that relates to issues that may be litigated on appeal is not necessarily an "appealable order" for purposes of Rule 25.2(a)(2). *See Gutierrez v. State*, 307 S.W.3d 318, 323 (Tex. Crim. App. 2010).

Here, the trial court's order granting additional DNA testing did not end the Chapter 64 proceedings. *See, e.g., Ex parte Padilla,* No. 03–10–00667–CR, 2010 WL 5019166, at *1–2 (Tex. App.—Austin Dec. 10, 2010, pet. ref'd) (mem. op., not designated for publication). Thus, the challenged order is interlocutory, and interlocutory orders generally are not immediately appealable.

2

*See Gutierrez*, 307 S.W.3d at 323 ("[I]nterlocutory appeals are viewed as an extraordinary measure and are rarely permitted."). The legislature has not created a statutory provision authorizing convicted persons to appeal Chapter 64 orders that do not terminate the proceedings. *See, e.g., State v. Waller*, 104 S.W.3d 307, 308 (Tex. App.—Dallas 2003, pet. ref'd). Nor is there any rule or constitutional provision that authorizes the appeal. *See Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Consequently, the trial court's order granting Gowan's request for DNA testing is not an "appealable order." *See Gutierrez*, 307 S.W.3d at 323. Furthermore, the trial court's certificate of Gowan's right to appeal states that "the trial court's order granting the DNA motion is not appealable by [] Gowan." *See* Tex. R. App. P. 25.2(a)(2); *see also Lopez v. State*, 114 S.W.3d 711, 714 (Tex. App.—Corpus Christi 2003, no pet.) (abating appeal from denial of post-conviction DNA testing under chapter 64 so that trial court could supplement record with certification of defendant's right to appeal); *but see Rodriguez v. State*, 153 S.W.3d 245, 248 (Tex. App.—El Paso 2004, no pet.) (holding that TRAP 25.2(a)(2) does not apply to appeals from denial of post-conviction DNA testing under chapter 64). Therefore, we hold that we do not have jurisdiction over this appeal and we dismiss it. *See id.; Abbott*, 271 S.W.3d at 697.

Furthermore, we deny Gowan's "Motion to Supplement Response Showing Grounds for Appeal," and his "Motion to Examine for Defectiveness the Trial Court's Denial of Certification of Right to Appeal."

3

<u>Stck v Walter</u>, 104 SW3d 307 (Tex. App.- Dallas 2003)

P.308  The Stck contends the clear and unambiguous language of article 64.05 authorizes it to appeal a trial court's erroneous favorable finding

P.305  The plain meaning of article 64.05's literal text deals with whether the court of appeals, or the court of Criminal appeals has exclusive jurisdiction .... It does not address at all who may appeal favorable findings.

<u>Sanchez v State</u>, 340 SW3d 848 (Tex App – San Antonio 2011)

P.852  There is no statutory provision that authorizes a direct appeal of an interlocutory order on a motion to reduce bail. (citations omitted) In the absence of any express constitutional or statutory authority to review an interlocutory pretrial ruling on a motion to reduce bond, we lack jurisdiction over Sanchez's appeal. See Abbot, 271 SW3d at 696-97; Apolinar, 820 SW2d at 794

P.849  The Courts of Appeals do not have jurisdiction to review interlocutory orders unless that jurisdiction has been expressly granted by law. <u>Apolinar v State</u>, 820 SW2d 792, 794 (TCA 1991).

4

Michael Gatlin
2005173
Robertson Unit
1201 FM 3522
Abilene, TX
79601



Legal Mail

Clerk, Court of Criminal Appeals
P.O. Box 12308, Capitol Station
Austin, TX 78711-2308

